414 A.2d 1390

**COMMONWEALTH of Pennsylvania,**

v.

**John A. SKARICA, Appellant.**

Supreme Court of Pennsylvania.

Argued March 7, 1980.
Decided May 30, 1980.

Michael J. Wherry, Asst. Public Defender, Mercer, for appellant.

David B. Douds, Asst. Dist. Atty., Mercer, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, John A. Skarica, was convicted by a jury of bribery. Post-verdict motions were denied and appellant was ordered to pay a fine of $500 and sentenced to a prison term of six to twelve months. The Superior Court affirmed by an equally divided court. *Commonwealth v. Skarica,* —— Pa.Super. ——, 411 A.2d 519 (1979). We granted appellant's petition for allowance of appeal.

Appellant first argues that the evidence was insufficient to sustain his conviction. The Penal Code of 1939, which was in effect at the time of the instant offense, provided:

". . . [W]hoever being an agent, employe, or servant, *solicits, accepts, receives or takes,* directly or indirectly, any commission, money, property, or other valuable thing as an inducement, bribe or *reward for doing* or omitting to do *any act,* or *for showing any* favor or *disfavor in relation to the affairs or business of his principal, employer or master,* is guilty of a misdemeanor. . ." Act of June 24, 1939, P.L. 872, § 667 (formerly 18 P.S. § 4667.) (Emphasis added.)

The evidence presented at trial is as follows.

In November of 1970, Alvin Taylor, owner of Taylor Ready-Mix Concrete, entered into two separate contracts with the Pennsylvania Department of Transportation (Penn-DOT). By the first agreement, Taylor agreed to furnish a storage area for PennDOT's winter road surface materials. In a second separate agreement, Taylor leased a high-lift truck to PennDOT for snow removal, with PennDOT agreeing to pay Taylor $12.50 per hour for the time the truck was actually being used.

Appellant was a highway foreman for PennDOT at the time of the instant offense. As part of his duties, appellant was responsible for keeping track of the hours Taylor's high-lift truck was used.

On January 26, 1973, appellant visited Taylor at his yard, informing Taylor that he had inflated the hours Taylor's high-lift truck had been used. Taylor testified that appellant demanded payment of $800. Appellant explained he had not approached Taylor earlier because Taylor had been in tight financial condition. Appellant told Taylor, "But I—we need some money." The trial court asked Taylor whether appellant's request began with "I" or "we," but Taylor could not recall. Taylor originally refused to pay any money, but before appellant left, Taylor handed appellant a $500 check. Appellant requested payment in cash, but eventually accepted the check.

 As we have oft stated:

"The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing the proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all of the elements of the crime had been established beyond a reasonable doubt. Moreover, it is the province of the trier of fact to pass on the credibility of witnesses and the weight to be accorded the evidence produced. The fact-finder is free to believe all, part, or none of the evidence." *Commonwealth v. Rose*, 463 Pa. 264, 267–68, 344 A.2d 824, 825–26 (1975). (Citations omitted.)

Reviewing the evidence with this standard in mind, we find sufficient evidence to sustain appellant's conviction. Appellant both solicited and received $500 from Taylor for padding the hours that Taylor's truck had been used, said action being detrimental to the Commonwealth. Appellant's argument is thus without merit.

 Appellant next argues that the trial court erred in failing to grant his petition to dismiss the presentments of

the special investigating grand jury and in failing to grant his motion to quash the indictments on the basis that the petition requesting said investigating grand jury was not self-sufficient and failed to meet the minimum factual averments necessary to impanel an investigating grand jury. Appellant was, however, the subject of the investigation by the same investigating grand jury discussed in today's opinion in *Commonwealth v. Bestwick,* 489 Pa. 603, 414 A.2d 1373 (1980). As the issue presented instantly is identical to that presented in Part I of *Bestwick,* we find no merit to appellant's argument.

■ Finally, appellant alleges that the trial court erred in failing to grant him a preliminary hearing and in failing to quash the indictments for lack of a preliminary hearing. Based on Part II of *Bestwick,* we must reject appellant's argument.

Order of the Superior Court is affirmed.