J-S55037-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| EDWARD J. PISANI, | : | |
| | : | |
| Appellant | : | No. 587 WDA 2015 |

Appeal from the Judgment of Sentence Entered October 7, 2014,
in the Court of Common Pleas of Elk County,
Criminal Division, at No: CP-24-CR-0000147-2012

BEFORE:   FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED SEPTEMBER 14, 2015**

Edward J. Pisani (Appellant) appeals from the October 7, 2014 judgment of sentence imposed following his convictions by a jury for possession with intent to manufacture or deliver a controlled substance (marijuana) (PWID), possession of marijuana, and possession of drug paraphernalia. We affirm.

To provide background in this matter, we summarize the testimony presented at trial.[1]  On September 14, 2010, Trooper Michael Boltz[2] applied for and was issued a search warrant of Appellant's home because it was

---

[1] Prior to trial, Appellant was granted leave to proceed *pro se*.  The trial court appointed Denise M. Cuneo, Esquire as stand-by counsel.

[2] Trooper Boltz is a trooper with the Pennsylvania State Police.  He is assigned to the Troop C vice unit, which conducts drug, gambling, and prostitution investigations.  He has been involved in 300 to 400 drug investigations during his career, approximately 100 of which have dealt with marijuana.  Because of his work, he is familiar with indoor marijuana grow operations. **See** N.T., 7/15/2014, at 22-24.

*Retired Senior Judge assigned to the Superior Court.

suspected Appellant was conducting a marijuana grow operation.[3] Subsequently, in September 2012, Trooper Boltz received a tip from David Plant that Appellant was again growing marijuana at his residence. Trooper Boltz again applied for and was issued a search warrant for Appellant's home.

At 6:10 a.m. on September 6, 2012, members of the Pennsylvania State Police Special Emergency Response Team (SERT) entered Appellant's home to secure the premises.[4] SERT located Appellant and placed him in restraints. Trooper Boltz and the vice unit then entered the premises to conduct a search. Trooper Boltz found "32 [marijuana] plants in a Miracle-Gro bag." N.T., 7/15/2014, at 31. There were also "clippings all over the floor." *Id*. Additionally, he found a "large Miracle-Gro bag in the stairs going down into the basement that contained the 4.8 pounds [of marijuana]." *Id*. "[T]here were small baggies with residue" and "baggies with marijuana

---

[3] As a result of the contraband found upon execution of the 2010 search warrant, Appellant was arrested. He posted bail. Thereafter, he was convicted of PWID (marijuana), possession of marijuana, and possession of drug paraphernalia on January 25, 2013 for the charges arising from this search warrant. On April 10, 2013, the trial court sentenced Appellant to 12 to 24 months' incarceration, with a concurrent term of six months' probation. On March 18, 2014, a panel of this Court affirmed Appellant's judgment of sentence. **Commonwealth v. Pisani**, 100 A.3d 312 (Pa. Super. 2014) (unpublished memorandum).

[4] Trooper Boltz testified that SERT is used in certain situations, particularly if there is a concern that firearms may be present, to secure premises before the vice unit enters to conduct a search. N.T., 7/15/2014, at 27.

seeds in them." *Id*. Trooper Boltz also seized "Zigzag rolling papers." *Id*. at 44. He also found "liquid fertilizer," "fertilizer spikes," "Miracle-Gro, baggies with marijuana seeds," "a brass marijuana smoking pipe," and "indoor fluorescent grow lights." *Id*. at 45. Trooper Boltz testified that the items found during the course of this search were "consistent with the cultivation and growing of marijuana." *Id*. at 47.

Appellant questioned Trooper Boltz extensively in support of his defense theory that the items found during the 2012 search had been left-behind from the 2010 search. For example, Appellant showed Trooper Boltz the 2010 property report and photos, then questioned him about the items that were not on that report, but were found in 2012. *Id*. at 55-63. Trooper Boltz testified that the report he was being shown is "not a list of everything we took" in 2010. *Id*. at 64. Appellant also suggested that Trooper Boltz was a "dirty cop" who "was trying to set [Appellant] up." *Id*. at 103.

Appellant also called 14 members of the Pennsylvania State Police, all of whom were present on September 6, 2012, when Appellant's home was secured and searched. Additionally, Appellant called as witnesses several friends and family members who went to his house after the 2010 search warrant was executed. For example, one of Appellant's friends, Dennis Dilley, testified that when he was at Appellant's home around November of

2010, he saw a Miracle-Gro bag and dead plants in cups. N.T., 7/16/2014, at 169-71.

After calling all of his witnesses, Appellant asked the trial court if he could recall Tooper Boltz to show the jury that Trooper Boltz's "previous testimony was false." N.T., 7/17/2014, at 12. The trial court denied that request, telling Appellant he could make that argument to the jury in his closing statement.

The jury returned a verdict of guilty on the aforementioned charges. On October 7, 2014, Appellant was sentenced to an aggregate term of 12 to 24 months' incarceration to be followed by 36 months of probation. This sentence was to run concurrently to the sentence imposed in the 2010 case. Appellant, through counsel, timely filed a post-sentence motion. That motion included, in relevant part, a challenge to the denial of Appellant's request to recall Trooper Boltz and challenges to the weight and sufficiency of the evidence. The trial court denied Appellant's post-sentence motion, and Appellant timely filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents two issues for our review.

1. Is [Appellant] entitled to a new trial because the trial court abused its discretion in denying [Appellant's] motion for acquittal?

2. Did the trial court abuse its discretion when in [*sic*] denying [Appellant's] motion to recall Trooper Michael Boltz on

cross-examination after the close of the Commonwealth's case?[5]

Appellant's Brief at 3 (footnote added).

Appellant first claims that he is entitled to a "new trial" because the trial court abused its discretion in denying his motion for judgment of acquittal. Appellant's Brief at 8. Specifically, Appellant contends that the "evidence was insufficient to sustain the verdict because the Commonwealth lacked evidence to show that [Appellant] engaged in actual, active manufacturing and cultivating of marijuana." *Id*. at 9. Appellant further argues the evidence was insufficient because "some of the plants **were dead**" when Trooper Boltz arrived and that "plants contained in plastic bags will mold." *Id*. (emphasis in original). Appellant goes on to challenge the veracity of Trooper Boltz's testimony, arguing that there were inconsistencies between the items listed on the 2010 property report and those found in the home in 2012. The relief Appellant requests is a "remand for a new trial due to the trial court's denial on [*sic*] [Appellant's] motion for acquittal[.]" *Id*. at 11.[6]

---

[5] The motion to recall Trooper Boltz was made at the close of Appellant's case, not the Commonwealth's case. N.T., 7/17/2014, at 12.

[6] We observe that "[a] motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." **Commonwealth v. Hutchinson**, 947 A.2d 800, 805 (Pa. Super. 2008).

In order to address this claim we find it necessary to delineate the distinctions between a claim challenging the sufficiency of the evidence and a claim that challenges the weight of the evidence. The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, **Tibbs v. Florida**, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); **Commonwealth v. Vogel**, 501 Pa. 314, 461 A.2d 604 (1983), whereas a claim challenging the weight of the evidence if granted would permit a second trial. **Id**.

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. **Commonwealth v. Karkaria**, 533 Pa. 412, 625 A.2d 1167 (1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. **Commonwealth v. Santana**, 460 Pa. 482, 333 A.2d 876 (1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. **Commonwealth v. Chambers**, 528 Pa. 558, 599 A.2d 630 (1991).

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. **Commonwealth v. Whiteman**, 336 Pa.Super. 120, 485 A.2d 459 (1984). Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. **Tibbs**, 457 U.S. at 38 n. 11, 102 S.Ct. 2211.3 An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. **Commonwealth v. Brown**, 538 Pa. 410, 648 A.2d 1177 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. **Thompson**, **supra**. A trial judge must do more than reassess

the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id*.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000).

Moreover, both challenges have different rules with respect to waiver. In order to preserve a challenge to the weight of the evidence, an appellant must present it in a post-sentence motion, pursuant to Pa.R.Crim.P. 607, as well as in a 1925(b) statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not included in the appellant's Rule 1925(b) concise statement are waived). Instantly, Appellant did present a challenge to the weight of the evidence in his post-sentence motion, and presented only the following in his concise statement.

[1.] The trial court erred by denying [Appellant's] motion for acquittal when the defense challenged the sufficiency and credibility of the evidence, following the close of the Commonwealth's case.

Concise Statement of Errors Complained of On Appeal, 3/23/2015, at 1-2 (unnecessary capitalization omitted). Because this statement can be fairly read to challenge only the sufficiency of the evidence, we conclude that Appellant has waived any claim regarding the weight of the evidence on appeal.

- 7 -

We now turn to Appellant's challenge to the sufficiency of the evidence.

> [W]hen challenging the sufficiency of the evidence on appeal, the Appellant's 1925 statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal. Such specificity is of particular importance in cases where, as here, the Appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

**Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009) (citations and quotations omitted).

Instantly, Appellant was convicted of three charges, PWID (marijuana), possession of marijuana, and possession of drug paraphernalia. His Rule 1925(b) statement does not specify which conviction or which elements he is challenging. "While the trial court did address the topic of sufficiency in its opinion, we have held that this is of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim." **Gibbs**, 981 A.3d. at 281. (citations and quotation omitted). Appellant's failure to specify which elements of which crime he was challenging at the time he made his motion for judgment of acquittal,[7] in his concise statement (**see** Statement of Errors

---

[7] At the close of the Commonwealth's case-in-chief, Appellant moved for a judgment of acquittal. The following exchange occurred.

Complained of on Appeal, 3/23/2015, at 1), and his statement of questions presented in his brief (*see* Appellant's Brief at 3) renders any issue regarding the sufficiency of the evidence waived. Further compounding the confusion is Appellant's request for a new trial as his relief. As pointed out, *supra*, the remedy for a finding of insufficient evidence is not a new trial as Appellant has requested; rather, Appellant's sentence would be vacated and he could not be tried again for these crimes. For the foregoing reasons, Appellant is not entitled to relief from this Court on either weight or sufficiency grounds.

We now turn to Appellant's second issue, wherein he contends that the trial court erred in denying his request to recall Trooper Boltz to testify further about inconsistencies in his previous testimony. Appellant's Brief at 10-11. Appellant argues that the trial court "greatly abused its discretion" by denying Appellant's request because the "crux of [Appellant's] case was

---

[Appellant]: I make a motion for judgment of acquittal at the -- judgment of acquittal at the end of the Commonwealth's case. I was just reading too much.

The Court: I'm well aware of the standards for judgment of acquittal, and that is I must take all of the evidence that has been presented by the Commonwealth in the light most favorable to it as the nonmoving party. And having done so, I determine that a judgment of acquittal is inappropriate and will be denied.

N.T., 7/15/2015, at 196.

the biased, inconsistent and not credible testimony of [Trooper] Boltz, which could only be clarified on his recall to the stand." *Id*. at 11.

It is well settled that "the decision to permit either side to reopen its case, recalling witnesses and presenting additional evidence in order to prevent a failure or miscarriage of justice, is within the trial court's discretion and will not be reversed absent an abuse of that discretion." *Commonwealth v. Chambers*, 685 A.2d 96, 109 (Pa. 1996).

Instantly, the trial court addressed Appellant's argument as follows.

[Appellant] did not and has not demonstrated any prejudice and has presented nothing more than the nebulous assertion of error in the denial of his request to further question Trooper Boltz. … His undeveloped contention of error does not suffice as the basis to determine any discretionary abuse in the denial of his request to recall Trooper Boltz for the amorphous purpose of demonstrating that [Trooper] Boltz had fabricated his testimony, particularly when [Appellant] had already extensively questioned [Trooper] Boltz on cross-examination and was continually informed that he could argue what he believed to be discrepancies in [Trooper] Boltz's testimony to the jury.

Trial Court Opinion, 2/12/2015, at 6.

We discern no abuse of discretion in the trial court's reasoning. Appellant cross-examined Trooper Boltz for two hours and fifteen minutes. *See* N.T., 7/15/2014, at 50-142. Appellant's sole purpose for wanting to cross-examine Trooper Boltz further was to establish that Trooper Boltz was purportedly lying. However, as the trial court aptly pointed out, that was an

argument Appellant could make to the jury during his closing statement.

Accordingly, Appellant is not entitled to relief on this basis.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 9/14/2015