J. S62038/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
ALEX EDDIE RIVERA, : No. 838 WDA 2019
:
Appellant :


Appeal from the Judgment of Sentence Entered January 8, 2019,
in the Court of Common Pleas of Cambria County
Criminal Division at No. CP-11-CR-0000407-2018


BEFORE: PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MARCH 10, 2020**

Alex Eddie Rivera appeals from the January 8, 2019 judgment of sentence entered by the Court of Common Pleas of Cambria County following his conviction of two counts each of theft by unlawful taking — movable property, receiving stolen property, and recklessly endangering another person ("REAP") and one count each of robbery and terroristic threats.[1] After careful review, we affirm.

The record reflects the following factual history: On January 23, 2018, appellant knocked on a screen door leading into a residence rented by Tyler Carrier and Keith Seabolt. Mr. Seabolt admitted appellant into the residence. Several minutes after he entered the residence, appellant

---

[1] 18 Pa.C.S.A. §§ 3921(a), 3925(a), 2705, 3701(a)(1), and 2706(a)(1), respectively.

appeared to make a gesture that could be seen through the screen door. After appellant made the gesture, two men wearing ski masks—both of which were carrying weapons—entered the residence. The record further reflects that appellant and one of his co-conspirators took cell phones, marijuana, money, and a handgun belonging to Mr. Seabolt.

The trial court set forth the following procedural history:

> On November 27, 2018, a two-day jury trial took place before [the trial court] where [appellant] represented himself **pro se** and was convicted of [the aforementioned offenses] that occurred on January 23, 2018. . . . [Appellant] was sentenced by [the trial court] on January 8, 2019 to a mandatory term of incarceration of 10-20 years in the state system for robbery [], pursuant to 42 Pa.C.S.A. [§] 9714(a). [Appellant] timely filed post-sentence motions on January 17, 2019.

Trial court opinion, 5/7/19 at 1-2 (extraneous capitalization omitted).

The trial court denied appellant's post-sentence motions on May 7, 2019. Appellant filed a timely notice of appeal. Pursuant to Pa.R.A.P. 1925(b), the trial court ordered appellant to file a concise statement of errors complained of on appeal and appellant timely complied. In lieu of a Pa.R.A.P. 1925(a) opinion, the trial court relies upon the opinion accompanying its May 7, 2019 order denying appellant's post-sentence motions.

Appellant raises the following issues for our review:

> 1.   [A]ppellant submits that his conviction for the following counts[:]  (Count 1) robbery (F1); [(]Count 2) receiving stolen property (F2);

(Count 3) theft by unlawful taking – movable property (F2); (Count 4) theft by unlawful taking – movable property (M1); (Count 6) terroristic threats (M1); (Count 7) terroristic threats (M1); (Count 8) receiving stolen property (M1); (Count 10) recklessly endangering another person (M2); and (Count 11) [REAP] (M2), was [sic] against the weight and sufficiency of the evidence as presented by the Commonwealth at trial.

2. [A]ppellant respectfully submits that the trial court erred in denying his pre-trial motion in *limine* in regards to the alleged firearm belonging to one of the alleged victims.

3. [A]ppellant respectfully submits that the trial court erred in denying his post-sentence motion in regards to after-discovered evidence which contradicted information provided to him in pre-trial discovery by the Commonwealth.

Appellant's brief at 5 (extraneous capitalization omitted).

In his first issue, appellant blends challenges of the sufficiency and weight of the evidence. Our supreme court has explained the difference between the two distinct grounds for appealing a conviction:

The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, *Tibbs v. Florida*, 457 U.S. 31 [] (1982); *Commonwealth v. Vogel*, [] 461 A.2d 604 ([Pa.] 1983), whereas a claim challenging the weight of the evidence if granted would permit a second trial. *Id.*

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each

material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. ***Commonwealth v. Karkaria***, [] 625 A.2d 1167 ([Pa.] 1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. ***Commonwealth v. Santana***, [] 333 A.2d 876 ([Pa.] 1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. ***Commonwealth v. Chambers***, [] 599 A.2d 630 ([Pa.] 1991).

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. ***Commonwealth v. Whiteman***, [] 485 A.2d 459 ([Pa.Super.] 1984). Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. ***Tibbs***, 457 U.S. at 38 n.11 []. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. ***Commonwealth v. Brown***, [] 648 A.2d 1177 ([Pa.] 1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. ***Thompson***, ***supra***. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." ***Id.***

***Commonwealth v. Widmer***, 744 A.2d 745, 751-752 (Pa. 2000) (footnote omitted).

In his argument on this issue, appellant challenges witness credibility. (***See*** appellant's brief at 16-18.) It is well settled that challenges relating to witness credibility are weight of the evidence challenges, rather than sufficiency challenges. ***See e.g. Commonwealth v. Barker***, 70 A.3d 849, 855 (Pa.Super. 2013) (***en banc***), ***appeal denied***, 87 A.3d 814 (Pa. 2014); ***abrogated on other grounds***, ***Nardone v. Com., Dept. of Transp., Bureau of Driver Licensing***, 130 A.3d 738 (Pa. 2015). Put another way, because appellant's sufficiency of the evidence claim solely attacks witness credibility, his sufficiency of the evidence claim is actually a weight of the evidence claim, and we shall proceed to review this issue as such.

Specifically, appellant, "emphasize[s] that there were **numerous** inconsistencies set forth by the Commonwealth's witnesses which would require the trial court to set aside appellant's conviction as his conviction [] does indeed shock one's conscience regarding fairness and justice." (Appellant's brief at 18 (extraneous capitalization omitted, emphasis in original).)

Here, appellant extends an invitation for us to reassess the jury's credibility determinations in his favor. This is an invitation that we must decline. Because we cannot substitute the jury's judgment on witness credibility with our own, we conclude that the trial court did not abuse its discretion when it denied appellant's weight of the evidence challenge.

In his second issue, appellant argues that the trial court erred when it denied his motion *in limine* in regards to a firearm belonging to Mr. Seabolt, that appellant is alleged to have stolen. (Appellant's brief at 19.) Specifically, appellant contends that,

> the testimony and evidence presented by the Commonwealth at the November 20, 2018 argument on his pre-trial motion *in limine* was contradicted during his trial on the first day as it turned out that the gun box the Commonwealth originally presented as being the gun box containing the gun belonging to the alleged victim, was actually the gun box registered for a different gun belonging to the alleged victim's [grand]father.

*Id.* (extraneous capitalization omitted).

> When reviewing the denial of a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. *See Commonwealth v. Zugay*, 745 A.2d 639 (Pa.[Super.] 2000) (explaining that because a motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to trial, which is similar to ruling on a motion to suppress evidence, our standard of review for a motion *in limine* is the same of that of a motion to suppress). The admission of evidence is committed to the sound discretion of the trial court and our review is for an abuse of discretion.

*Commonwealth v. Kane*, 188 A.3d 1217, 1229 (Pa.Super. 2018), *appeal denied*, 197 A.3d 1180 (Pa. 2018), quoting *Commonwealth v. Stokes*, 78 A.3d 644, 654 (Pa.Super. 2013), *appeal denied*, 89 A.3d 661 (Pa. 2014) (some citations omitted). This court has further stated that in order to constitute reversible error, "an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." *Commonwealth*

*v. Schley*, 136 A.3d 511, 515 (Pa.Super. 2016), quoting **Commonwealth v. Lopez**, 57 A.3d 74, 81 (Pa.Super. 2012) (citation omitted).

Here, we find that appellant has not proven that the trial court's denial of his motion *in limine* was harmful and prejudicial. To the contrary, as noted by the Commonwealth, the admission of the gun box served to highlight that Mr. Seabolt did not initially provide accurate information to the police. (**See** Commonwealth's brief at 8.) Indeed, Mr. Seabolt testified at trial that he mistakenly provided a gun box to the police that did not match the serial number of the gun allegedly stolen. (Notes of testimony, 11/26/18 at 112-113.) Accordingly, we find that appellant was not prejudiced by the trial court's denial of his motion *in limine*, therefore, appellant's second issue is without merit.

In his final issue, appellant contends that the trial court erred when it refused to grant him a new trial "as after-discovered evidence contradicted information provided to him in pre-trial discovery by the Commonwealth." (Appellant's brief at 27.)

Our supreme court has held the following pertaining to after-discovered evidence:

> After-discovered evidence is the basis for a new trial when it: 1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of trial by the exercise of reasonable diligence; 2) is not merely corroborative or cumulative; 3) will not be used solely for impeaching the credibility of a witness; and 4) is of such nature and character that a new verdict will likely result if a

> new trial is granted. ***Commonwealth v. Boyle***, []
> 625 A.2d 616, 622 ([Pa.] 1993); ***Commonwealth v.***
> ***Smith***, [] 540 A.2d 246, 263 ([Pa.] 1988).

***Commonwealth v. Chamberlain***, 30 A.3d 381, 414 (Pa. 2011), ***cert. denied sub nom. Chamberlain v. Pennsylvania***, 566 U.S. 986 (2012).

Here, appellant avers that following trial, he learned of two ***crimen falsi*** convictions that Mr. Seabolt had in Virginia.[2] (Appellant's brief at 27.) Appellant further avers that in pre-trial discovery, the Commonwealth maintained that Mr. Seabolt did not have a criminal record based on a search of Pennsylvania criminal history files. (***Id.***)

Pursuant to the Pennsylvania Rules of Evidence, evidence of ***crimen falsi*** convictions must be admitted **for the purpose of attacking the credibility of a witness**. Pa.R.E. 609(a); ***see also Commonwealth v. Foreman***, 55 A.3d 532, 538 (Pa.Super. 2012) (Wecht, J., concurring) (stating that ***crimen falsi*** evidence "can be admitted only for impeachment purposes").

In his brief, appellant contends that in addition to impeaching Mr. Seabolt with evidence of his ***crimen falsi*** convictions, appellant intended to use this evidence "in conjunction with [his] defense as it pertained to the existence (or not) of the alleged firearm which was stolen." (Appellant's brief

---

[2] Appellant maintains that Mr. Seabolt pleaded guilty to identity theft and "credit card" in 2010 and 2011, respectively. (Appellant's brief at 27.)

at 29 (brackets added; parentheses in original).)  We find that appellant has not established that he intended to use this evidence for any purpose other than impeaching Mr. Seabolt's credibility.  Accordingly, this evidence cannot be the basis for a new trial, and appellant's third issue is without merit. ***Chamberlain***, 30 A.3d at 414.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2020