J-A18030-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| VIKRAM S. SIDHU | |
| Appellant | No. 774 MDA 2013 |

Appeal from the Judgment of Sentence of April 2, 2013
In the Court of Common Pleas of Juniata County
Criminal Division at No.: CP-34-SA-0000012-2013

BEFORE: LAZARUS, J., WECHT, J., and MUSMANNO, J.

MEMORANDUM BY WECHT, J.:                    **FILED AUGUST 21, 2014**

Vikram Sidhu appeals the April 2, 2013 judgment of sentence, which was imposed after Sidhu was convicted of the summary offense of driving while operating privilege is suspended or revoked—DUI related, 75 Pa.C.S. § 1543(b)(1). Sidhu challenges the weight of the evidence presented at trial to convict him of this crime. We affirm.

The trial court set forth the factual history of this case as follows:

[Sidhu] was found guilty of committing the summary offense of driving while operating privilege is suspended or revoked[—]DUI related, in violation of [section 1543(b)]. In relevant part, the statute reads as such:

A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 . . . shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo

imprisonment for a period of not less than 60 days nor more than 90 days.

[] 75 Pa.C.S. § 1543(b)(1).

At trial, the Commonwealth entered into evidence a Certified Driver History Report [that was] prepared [on] December 17, 2012. This report clearly shows [that Sidhu's] operating privileges were suspended on the date in question (December 14, 2012) in relation to a previous violation of the Vehicle Code, namely § 3802(c), driving under the influence of alcohol or controlled substances.

Additionally, the Commonwealth offered as witnesses two county probation officers, both of whom: 1) are familiar with [Sidhu]; 2) saw him enter a vehicle on December 14, 2012; and 3) saw him proceed to drive that vehicle on a public street in Juniata County, Pennsylvania.

On the day in question, [Sidhu] met with Probation Officer Abigail Krepps at her office in Juniata County. Krepps was aware of [Sidhu's] license suspension at that time.

After this meeting, Krepps was unable to verify that [Sidhu] had arranged for a friend to provide transportation (as he had indicated). Krepps and a second probation officer (P.O. Jeremy Kensinger) decided to investigate further. Like Krepps, Kensinger was familiar with [Sidhu], having recently taught an Alcohol Highway Safety School class in which [Sidhu] participated.

Krepps and Kensinger both testified at trial that they witnessed [Sidhu] enter into a vehicle and drive away. The officers positively identified [Sidhu], and testified that he was in control of a motor vehicle on a public street in Juniata County, Pennsylvania.

Krepps testified that when [Sidhu] entered the vehicle, she was only thirty (30) yards away. Kensinger testified that he was near Krepps when he saw [Sidhu] enter the vehicle, and estimated that they were approximately thirty (30) to forty (40) yards away.

Trial Court Opinion ("T.C.O"), 7/17/2013, at 2-4 (citations to notes of testimony omitted).

At the conclusion of a *de novo* summary trial, the trial court found Sidhu guilty of the crime charged. On April 2, 2013, the trial court sentenced Sidhu to serve seventy-five days in jail and to pay a fine of $500. On April 30, 2013, Sidhu filed a notice of appeal. On May 7, 2013, the trial court directed Sidhu to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On May 28, 2013, Sidhu timely complied. On July 17, 2013, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Sidhu raises the following question for our review: "Whether the lower court abused its discretion in finding [Sidhu] guilty since the verdict was against the weight of the evidence?" Brief for Sidhu at 4.

Before we can address the merits of Sidhu's substantive claim, we first must consider whether Sidhu has waived the claim for failure to include it in his Rule 1925(b) statement. We must abide by the bright line rule that "[a]ny issues not raised in a Pa.R.A.P.1925(b) statement will be deemed waived." **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (citing **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998)). In his Rule 1925(b) statement, Sidhu raised the following two issues:

1. The Court erred and/or abused its discretion in finding [Sidhu] guilty at his trial. [Sidhu] maintains that the evidence at his trial was not **sufficient** to establish with respect to either Abbey Krepps, Terry Stoner, or Jeremy Kensinger ("witnesses") that he was driving under suspension, DUI related, in that one or more of the witnesses lost sight of [Sidhu] during the alleged commission of this charge.

2. Witnesses also testified that they were at some distance from the alleged crime which would also give rise to reasonable doubt for which the Court abused its discretion in finding [Sidhu] guilty. [Sidhu] avers that there was **insufficient** evidence, therefore, to find him guilty.

Rule 1925(b) Statement, 5/28/2013, at 1-2 (emphasis added).

At first glance, it appears that Sidhu raised a challenge only to the sufficiency of the evidence. However, upon closer inspection, the thrust of at least a portion of the issues raised by Sidhu represents a challenge to the weight of the evidence. We first note the differences between a challenge to the weight and a challenge to the sufficiency of the evidence, as our Supreme Court explained them in **Commonwealth v. Widmer**, 744 A.2d 745, 751-52 (Pa. 2000):

> The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, **Tibbs v. Florida**, 457 U.S. 31 (1982); **Commonwealth v. Vogel**, 461 A.2d 604 (Pa. 1983), whereas a claim challenging the weight of the evidence if granted would permit a second trial. **Id.**
>
> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. **Commonwealth v. Karkaria**, 625 A.2d 1167 (Pa. 1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. **Commonwealth v. Santana**, 333 A.2d 876 (Pa. 1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit

of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Chambers*, 599 A.2d 630 (Pa. 1991).

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. *Commonwealth v. Whiteman*, 485 A.2d 459 (Pa. Super. 1984). Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. *Tibbs*, 457 U.S. at 38 n. 11. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Brown*, 648 A.2d 1177 (Pa. 1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. *Thompson v. City of Philadelphia*, 493 A.2d 669, 673 (Pa. 1985). A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id.*

*Widmer*, 744 A.2d at 751-52 (citations modified). "A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Lewis*, 911 A.2d 558, 566 (Pa. Super. 2006) (quoting *Commonwealth v. Hunzer*, 868 A.2d 498, 507 (Pa. Super. 2005)).

Although Sidhu used the words "sufficient" and "insufficient" in his Rule 1925(b) statement, a closer review reveals that the true nature of his claim is a challenge to the weight of the evidence. Indeed, Sidhu claimed that the critical trial witnesses lost sight of him after he left the probation office, and that those witnesses were unable to observe what they claimed

at trial to have observed due to the considerable distance from which they were viewing Sidhu. Stated otherwise, Sidhu did not claim that the evidence, as presented at trial, did not amount to proof beyond a reasonable doubt. Rather, Sidhu claimed that such evidence should not have been believed due to either a loss in visual contact or the distance from which the witnesses observed him. His claims "questioned which evidence is to be believed." **Lewis**, *supra*. Sidhu also sought review of those claims under an abuse of discretion standard, which as we detail below, is the proper standard of review for a challenge to the weight of the evidence.

We caution counsel to avoid conflating these issues in the future, and to utilize the proper terminology in order to, at minimum, avoid the risk of waiver. Nonetheless, counsel's ill-advised and inartful use of the words "sufficient" and "insufficient" did not transform a clear challenge to the weight of the evidence into a challenge to the sufficiency of the evidence. Accordingly, we do not find Sidhu's present challenge to the weight of the evidence to be waived. We now turn to the merits of that issue.[1]

_____

[1] Typically, to preserve a challenge to the weight of the evidence, the issue first must be raised in a post-sentence motion. **Commonwealth v. Griffin**, 65 A.3d 932, 938 (Pa. Super. 2013). However, post-sentence motions are not permitted following a judgment of sentence issued following a summary trial. **See** Pa.R.Crim.P. 720(D) ("There shall be no post-sentence motion in summary case appeals following a trial de novo in the court of common pleas."). Therefore, Sidhu's claim is properly before this Court, even though he did not file a post-sentence motion raising a weight challenge in the first instance.

When reviewing a weight of the evidence claim, we consider the following:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. **Widmer***,* 744 A.2d at 751-52; **Brown***,* 648 A.2d at 1189. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. **Widmer***,* 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" **Id.** at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." **Brown***,* 648 A.2d at 1189.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
>> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. **Brown***,* 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. **Commonwealth v. Farquharson***,* 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> **Widmer***,* 744 A.2d at 753 (emphasis added).

*Commonwealth v. Clay*, 64 A.3d 1049, 1054-55 (Pa. 2013) (citations modified).

> Our task in evaluating a weight challenge is as follows:
>
> To determine whether a trial court's decision constituted a palpable abuse of discretion, an appellate court must examine the record and assess the weight of the evidence; not however, as the trial judge, to determine whether the preponderance of the evidence opposes the verdict, but rather to determine whether the court below in so finding plainly exceeded the limits of judicial discretion and invaded the exclusive domain of the jury. Where the record adequately supports the trial court, the trial court has acted within the limits of its judicial discretion.

*Brown*, 648 A.2d at 1190 (citation omitted).

Sidhu contends that the trial court should not have believed either Krepps' or Kensinger's testimony that the person who got into the car and drove away actually was Sidhu. Sidhu points to the fact that, during cross-examination, Krepps admitted that "I wouldn't necessarily say I saw his face but I saw him get into his vehicle and I saw a body in the driver's seat." Notes of Testimony ("N.T."), 4/2/2013, at 17. Sidhu further contends that Kensinger could not positively identify Sidhu as the driver of the vehicle either, because Kensinger returned to the probation office upon seeing Sidhu before Sidhu ever entered a vehicle. Thus, Sidhu argues, Kensinger could not have seen him enter the car and drive away. In light of these contradictions and deficiencies, Sidhu argues that the verdict that necessarily was predicated upon a positive identification of him as the driver was against the weight of the evidence. We disagree.

Sidhu's portrayal of Krepps' testimony is incomplete. Krepps did testify to the above-quoted statement. However, that statement was in reference to her observations once the car drove away. Regarding her identification of Sidhu entering the car and driving away, Krepps testified as follows:

> [w]hen he – when I saw him walking around behind the car, I saw his back. But then he walked – the car was parked facing me. He walked behind the back of the car and turned around, so then he was actually facing me as he got into the car and then the car was facing me, so I could see him, his face, and he was [behind] the wheel.

N.T. at 17.

Kensinger also made a positive identification of Sidhu. Kensinger knew Sidhu from teaching an alcohol awareness class, in which Sidhu was a student. On the date in question, Kensinger observed Sidhu walking down the street and past the probation office. Although Kensinger immediately went back into the probation office, he returned to the street shortly thereafter with Krepps. From approximately thirty to forty yards, Kensinger and Krepps watched Sidhu enter his vehicle and hastily drive it away. N.T. at 28.

In sum, the trial court received evidence, including (*inter alia*) testimony from probation officers Krepps and Kensinger, identifying Sidhu as the person who entered the vehicle and drove away. The trial court observed these witnesses, assessed their testimonial demeanor, and determined that it would credit their reports. The record amply supports the

trial court's assessment. As such, we discern no abuse of discretion by the trial court. Sidhu's weight claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2014