J-A32009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM R. ALEXANDER | |
| Appellant | No. 579 EDA 2013 |

Appeal from the Judgment of Sentence January 4, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001713-2012

BEFORE:  PANELLA, J., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 07, 2015**

Appellant, William R. Alexander, appeals from the judgment of

sentence entered on January 4, 2013, by the Honorable Jeffrey P. Minehart,

Court of Common Pleas of Philadelphia.  We affirm.

The trial court summarized the pertinent facts as follows.

> On the evening of August 26[l], 2011[,] at approximately
> 10:00 p.m., the victim approached [Alexander] on East Collum
> Street in the Germantown area of Philadelphia.  The victim,
> having been waiting for [Alexander] to come down the street,
> put his arms out in front of [Alexander] so as to incite a
> confrontation.  [Alexander] then struck the victim multiple times
> in the face with a closed fist, rendering the victim unconscious.
> [Alexander] then fled the scene.  Reporting to a radio call, police
> arrived at the scene and found the victim lying in the road still
> unconscious.  The victim was transported to Albert Einstein

---

[*] Former Justice specially assigned to the Superior Court.

Medical Center, and medical staff pronounced him dead at 10:49 p.m.

Trial Court Opinion, 1/21/14 at 2 (unnumbered).

Alexander was subsequently charged with third-degree murder[1] and involuntary manslaughter.[2] Following a non-jury trial, on November 8, 2011, the trial court convicted Alexander of third-degree murder. On January 4, 2013, the court sentenced Alexander to 16 to 32 years' incarceration. Alexander filed a timely post-sentence motion, which the trial court denied on January 17, 2013. This timely appeal followed.

Preliminarily, we are constrained to note that Alexander has waived his third issue on appeal, in which he challenges the discretionary aspects of his sentence. "It is well settled that [w]hen a challenge to the discretionary aspect of a sentence is raised, an appellant must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm. Pa.R.A.P. 2119(f)." ***Commonwealth v. Sarapa***, 13 A.3d 961, 962 (Pa. Super. 2011) (internal quotes and citation omitted). Even if properly preserved in a post-sentence motion, "such a claim is waived if an appellant does not include a Pa.R.A.P. 2119(f) statement in his brief and the opposing

_____

[1] 18 Pa.C.S. § 2502(c).
[2] 18 Pa.C.S. § 2504(a).

- 2 -

party objects to the statement's absence." ***Commonwealth v. Foster***, 960 A.2d 160, 163 (Pa. Super. 2008), ***aff'd***, 17 A.3d 332 (Pa. 2011).

Here, Alexander has failed to provide a Rule 2119(f) statement in his brief, and the Commonwealth has objected to this omission. ***See*** Commonwealth's Brief at 16. Accordingly, we are constrained to find Alexander's challenge to the discretionary aspects of his sentence is waived.

We have reviewed Alexander's remaining issues raised on appeal, along with the briefs of the parties and the certified record. Having determined that the Honorable Jeffrey P. Minehart's January 21, 2014 opinion ably and comprehensively disposes of Alexander's issues raised on appeal, with appropriate reference to the record and without legal error, we will affirm on the basis of that opinion.

Judgment of sentence affirmed.

Judge Olson joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2015

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

CRIMINAL TRIAL DIVISION

CP-51-CR-0001713-2012 Comm. v. Alexander, William R.
Opinion



7106966061

| COMMONWEALTH OF PENNSYLVANIA | : | PHILADELPHIA COUNTY |
|---|---|---|
| | : | COURT OF COMMON PLEAS |
| | : | |
| VS. | : | NO. CP-51-CR-0001713-2012 |
| | : | |
| WILLIAM ALEXANDER | : | |

FILED

JAN 6 2014

Criminal Appeals Unit
First Judicial District of PA

OPINION

PROCEDURAL HISTORY

Defendant, William Alexander, was charged with third-degree murder and involuntary manslaughter following an altercation that occurred on August 26th, 2011 between himself and the victim, David Woody, during which defendant killed Mr. Woody. Defendant waived his right to a trial by jury, and on November 8th, 2011, this Court found defendant guilty of third-degree murder. Sentencing was deferred until January 4th, 2013, on which date this Court sentenced defendant to 16 to 32 years' incarceration with credit for time served.

On January 11th, 2013, defendant filed a timely post-sentence motion alleging that the verdict was against the weight of the evidence and that the evidence was insufficient to sustain

the verdict. It also asked that the sentence be stayed or reduced. On January 17, 2013, this Court denied the motion without a hearing. Defendant thereafter filed a timely notice of appeal and a requested Pa.R.A.P. 1925(b) statement.

## FACTUAL HISTORY

On the evening of August 26th, 2011 at approximately 10:00 p.m., the victim approached defendant on East Collum Street in the Germantown area of Philadelphia. The victim, having been waiting for defendant to come down the street, put his arms out in front of defendant so as to incite a confrontation. Defendant then struck the victim multiple times in the face with closed fists, rendering the victim unconscious. Defendant then fled the scene. Responding to a radio call, police arrived at the scene and found the victim lying in the road still unconscious. The victim was transported to Albert Einstein Medical Center, and medical staff pronounced him dead at 10:49 p.m.

## DISCUSSION

In his first claim, defendant argues that his third-degree murder conviction was against the weight of the evidence and that the evidence was insufficient to support the verdict because he: 1.) was not the aggressor; 2.) attempted to flee each time; 3.) only hit the victim twice after the victim accosted him the third time; and, 4.) was unarmed. In addition, defendant states that the verdict was inappropriate under the facts because the victim was much younger than him and larger in stature.

Before addressing defendant's claims it is necessary that the distinctions between a claim challenging the sufficiency of the evidence and a claim that challenges the weight of the evidence be delineated. In Commonwealth v. Widmer, 744 A.2d 745 (Pa. 2000), our Supreme Court stated the following:

In order to address this claim we find it necessary to delineate the distinctions between a claim challenging the sufficiency of the evidence and a claim that challenges the weight of the evidence. The distinction between these two challenges is critical. HN5A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, Tibbs v. Florida, 457 U.S. 31, 72 L. Ed. 2d 652, 102 S. Ct. 2211 (1982); Commonwealth v. Vogel, 501 Pa. 314, 461 A.2d 604 (Pa. 1983), whereas claim challenging the weight of the evidence if granted would permit a second trial. Id.

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Commonwealth v. Karkaria, 533 Pa. 412, 625 A.2d 1167 (Pa. 1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. Commonwealth v. Santana, 460 Pa. 482, 333 A.2d 876 (Pa. 1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Commonwealth v. Chambers, 528 Pa. 558, 599 A.2d 630 (Pa. 1991).

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Commonwealth v. Whiteman, 336 Pa. Super. 120, 485 A.2d 459 (Pa. Super. 1984). Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. Tibbs, 457 U.S. at 38 n. 11. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. Commonwealth v. Brown, 538 Pa. 410, 648 A.2d 1177 (Pa. 1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Thompson, supra. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore

them or to give them equal weight with all the facts is to deny justice." Id.

Widmer, 744 A.2d at 751-752 (footnote omitted).

With these standards in mind, the Court will first address defendant's challenge to the weight of the evidence. At trial, this Court, sitting as fact-finder, heard direct testimony from an eyewitness who observed defendant striking the victim multiple times including a blow to the head at a time when the victim was incapable of fighting back or defending himself. The eyewitness reported that defendant's first punch knocked the victim off of his feet and that defendant continued to strike the victim as the victim lay on the ground almost motionless. Further, this Court heard evidence from the medical examiner who conducted the autopsy on the body of the victim indicating that the victim died from blunt trauma to the head and that the cause of death was homicide. Given these facts, the verdict is not so contrary to the evidence so as to shock one's sense of justice, and therefore no relief should be granted on defendant's weight claim.

Defendant's sufficiency claim is also lacking in merit. In challenging the sufficiency of the evidence, defendant has failed to state which element of the crime of third-degree murder the Commonwealth failed to prove beyond a reasonable doubt. This is fatal to his claim because the Superior Court has repeatedly stated that, when challenging the sufficiency of the evidence on appeal, a defendant's 1925(b) statement must "specify the element or elements upon which the evidence was insufficient" in order to preserve the issue for appeal. Commonwealth v. Williams, 959 A.2d 1252, 1257 (Pa. Super. 2008) (quoting Commonwealth v. Flores, 921 A.2d 517, 522-23 (Pa. Super. 2007)). Consequently, it is suggested that this claim be deemed waived.

To the extent that defendant's challenge to the sufficiency of the evidence appears to be asserting that the evidence was insufficient because he acted in self-defense, it is clear that no

relief need be granted on such a claim. The crime of third degree murder occurs when one commits a murder which is neither intentional nor committed during the perpetration of a felony. See 18 Pa.C.S.A. § 2502(c). Third degree murder must be committed with the appropriate level of culpability, namely malice. See Commonwealth v. Truong, 36 A.3d 592. "Malice is not merely ill-will but, rather, wickedness of disposition, hardness of heart, recklessness of consequences, and a mind regardless of social duty." Id at 597-98. Malice may be inferred from the use of fists depending on particular circumstances including "the assailant's size, the manner in which the fists are used, the ferocity and duration of the attack, and provocation, if any." Commonwealth v. MacArthur, 629 A.2d 166, 168 (Pa. Super 1993).

In Commonwealth v. Chine, 40 A.3d 1239 (Pa. Super. 2012), the Superior Court discussed the defense of self-defense, stating:

> As a general rule, an individual is justified in using force upon another person "when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." 18 Pa.C.S.A. § 505(a (emphasis added). However, the Commonwealth may disprove a claim that a defendant's use of deadly force was justifiable by establishing that: 1) the defender did not reasonably believe deadly force was necessary to protect himself from imminent danger of death or great bodily harm, 2) the defender provoked the incident, or 3) the defender violated a duty to retreat with safety or avoid the danger.

Chine, 40 A.2d at 1243.

Any assertion that the evidence was insufficient to prove that defendant committed the crime of third-degree murder because the killing was committed in self-defense is belied by the record. The record establishes that defendant was not free from fault in "provoking or continuing" the fight with the victim and also that once he knocked the victim to the ground he could have retreated in complete safety. Thus, even had defendant preserved his self-defense claim no relief would be due thereon.

In addition, to the extent that defendant's sufficiency claim rests on an assertion that the Commonwealth failed to prove that he acted with malice, by jumping on the victim after the victim fell to the ground and then delivering numerous blows and kicks to him, defendant's actions manifested recklessness and recklessness of consequences sufficient to establish malice. The blows inflicted by defendant to the victim's head were so severe that they resulted in fatal brain swelling. Such acts manifest a conscious disregard of the fact they likely would cause serious bodily injury to the victim. In Commonwealth v. Bridges, 381 A.2d 125 (Pa. 1977), our Supreme Court sustained a conviction for third-degree murder where the facts show that appellant Bridges joined with others in an attack involving the throwing of punches and kicks at the victim who was then stabbed by one of the assailants. The Supreme Court held that the fact that the appellant participated in the beating, standing alone, was sufficient to sustain the murder conviction. The Supreme Court stated that "[t]he requisite malice can be inferred from such 'reckless' conduct. A fact-finder could infer malice from the circumstances of the beating...." Bridges, 381 A.2d at 540. The holding of Bridges clearly applies here and, accordingly, defendant's claim that the evidence was insufficient to prove the requisite degree of recklessness should be rejected. Clearly, given these facts, even had defendant alleged that the evidence was insufficient to prove malice, no relief would be due thereon. Accordingly, defendant's first issue should be denied because it lacks merit.

The second claim set forth in defendant's 1925(b) statement alleges:

> This was a case of self defense. The verdict should not have gone higher than involuntary manslaughter. The defendant threw two quick punches, and he did not pounce on Mr. Woody when he was down. The defendant did not intend to kill Mr. Woody, only to disable him enough to get away from him. When the defendant left the scene, he did not know Mr. Woody was dead. From the pathology reports, we know that Mr. Woody was legally intoxicated at the time of the accident.

Defendant's Pa.R.A.P. 1925(b) statement, Issue 2.

In this claim, defendant is raising two separate issues. The first alleges, without explication, that the case was one involving self defense. He then argues that the verdict should not have risen higher than involuntary manslaughter. With respect to defendant's self-defense claim, as noted in the discussion of the previous issue, the Commonwealth met its burden of disproving this defense. Therefore, for the reasons previously discussed, the self-defense claim should be denied for lack of merit.

To the extent that defendant may be claiming that this claim involves imperfect self-defense no relief is due on such a claim as well. In Commonwealth v. Bracey, the Supreme Court stated:

Under 18 Pa. C. S. § 2503(b):

> A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing under Chapter 5 of this title (relating to general principles of justification), but his belief is unreasonable.

18 Pa. C.S. § 2503(b). In explaining what elements are necessary to establish unreasonable belief voluntary manslaughter, which is sometimes referred to as "imperfect self-defense," we have stated:

> This self-defense claim is imperfect in only one respect -- an unreasonable rather than a reasonable belief that deadly force was required to save the actor's life. All other principles of justification under 18 Pa. C.S. § 505 must [still be met in order to establish] unreasonable belief voluntary manslaughter.

Tilley, 595 A.2d at 582 (Pa. 1991).

Instantly, the evidence shows that defendant could have retreated in complete safety. Thus, the defense of imperfect self-defense was not available to him.

Defendant's contention that the verdict should not have risen higher than involuntary manslaughter also does not entitle him to relief. A person is guilty of involuntary manslaughter

when, "as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner . . . he causes the death of another person." 18 Pa.C.S. § 2504(a).

The crime of involuntary manslaughter was not at issue here because defendant's actions clearly were intentional. As he notes in the body of this claim, he struck the victim "only to disable him enough to get away from him.". This was sufficient to sustain the crime of third-degree murder because in attempting to disable the victim, defendant disregarded the very substantial risk that his actions could cause his death. In addition, the fact that the victim was intoxicated tends to demonstrate that defendant could have retreated in complete safety. Accordingly, for all of the foregoing reasons, it is suggested that no relief be granted with respect to this claim.

Defendant's final claim on appeal is that the sentence imposed was excessive and harsh because the victim was the aggressor, defendant attempted to avoid an altercation, and defendant did not use a weapon. Sentencing is a discretionary issue solely to be decided by the sentencing judge. Commonwealth v. Pollard, 832 A.2d 517, 525 (Pa.Super.2003). "When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant [and], of course, the court must consider the sentencing guidelines." Commonwealth v. Fullin, 892 A.2d 843, 847-48 (Pa. Super. 2006). A sentence will only be overturned on appeal where a manifest abuse of discretion is found. Pollard, 832 A.2d 517, 525. A finding of an abuse of discretion requires the record to indicate manifest unreasonableness, partiality, bias, or ill-will in the judgment. Id.

To decide whether a defendant's appeal of the discretionary aspect of his sentencing is to be considered on its merits, a court must first determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P.; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4)

whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Commonwealth v. Moury, 992 A.2d 162, 169 (Pa.Super.2010).

Here, defendant filed a timely notice of appeal and the issue was properly preserved in a motion to reconsider and modify the sentence[1].

In order to fulfill requirement (4) and show a substantial question, defendant must show that the sentence imposed violates either a provision of the Sentencing Code or a fundamental norm of the sentencing process. Commonwealth v. Lamonda, 52 A.2d 365, 371 (Pa. Super. 2012). A claim that the sentencing court did not give enough weight to mitigating factors alone does not raise a substantial question. See Commonwealth v. Cleveland, A.2d 1046 (Pa. Super. 1997).

Here, defendant should be denied relief because he failed to raise a substantial question. This Court reviewed a pre-sentence report prior to imposing the minimum sentence recommended by the sentencing guidelines[2]. See Commonwealth v. Tirado, 870 A.2d 362 (Pa.Super. 2005) (stating where sentencing court had benefit of PSI, law assumes court was aware of and weighed relevant information). In addition, when a sentencing court reviews a pre-sentence report and imposes a sentence within the recommended limits of the sentencing guidelines, the sentence will not be found excessive. Commonwealth v. Corley, 31 A.3d 293, 296 (Pa. Super. 2011). Finally, defendant has not alleged anything more than that the sentence was unduly harsh because of certain mitigating factors, which does not alone raise a substantial question.

Defendant was found guilty beyond a reasonable doubt of killing the victim by punching him multiple times. Defendant had 39 previous arrests and 13 convictions on his record. Defendant was previously sentenced to nine-and-a-half years in a federal prison and was on supervised release from that sentence when he committed the instant offense. In light of these facts, sentencing defendant to the minimum sentence recommended by the guidelines cannot be considered an abuse of discretion.

---

[1] On January 11th, 2013, defendant filed a post-sentence motion to stay or reduce the sentence.
[2] Defendant had a prior record score of 5 and an offense gravity score of 14 and the sentencing guidelines suggested a sentencing range of 192-240 months, plus/minus 12 months.

## CONCLUSION

Based on the foregoing, the judgment of sentence should be affirmed.

By the Court,

DATE: 1/21/14

_____
Honorable Jeffrey P. Minehart