J-S23011-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEROME BOWMAN, | : | |
| | : | |
| Appellant | : | No. 621 EDA 2014 |

Appeal from the Judgment of Sentence January 14, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0011386-2012

BEFORE: DONOHUE, SHOGAN and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED JUNE 01, 2015**

Jerome Bowman ("Bowman") appeals from the judgment of sentence entered on January 14, 2014 by the Court of Common Pleas of Philadelphia County, Criminal Division, following his convictions of possessing instruments of crime ("PIC"), aggravated assault, and persons not to possess, use, manufacture, control, sell or transfer firearms ("persons not to possess firearms").[1] For the reasons that follow, we affirm in part and vacate in part Bowman's judgment of sentence.

The trial court summarized the facts of this case as follows:

> On July 25, 2012, [Levon Rutledge ("Rutledge")] was at his house on 15th North Ithan Street in West Philadelphia, with his girlfriend, Jamie Bowen [("Bowen")], and his friend, Joseph Saterdote [("Saterdote")]. At approximately 5:00 PM, [Bowman] entered [Rutledge]'s home in order to

---

[1] 18 Pa.C.S.A. §§ 907(a), 2702(a), 6105(a)(1).

*Retired Senior Judge assigned to the Superior Court.

settle a previous dispute. [Bowman] was not invited into the household, and gained entry by opening the unlocked front door. He was armed with a firearm and also accompanied by his friend, Zarik Prince [("Prince")]. Upon entering the house without permission, [Bowman] and [Rutledge] got into a heated argument about some neighborhood gossip. Although [Bowman] eventually began to leave the home, exiting onto the porch area, he reentered the home when [Rutledge] told him not to "come in my crib like that." The two individuals then engaged in a [fistfight]. During this fight, [Bowman] pulled out his gun and shot [Rutledge] in the thigh. After shooting [Rutledge, Bowman and Prince] both fled the scene.

Shortly after the shooting, [Prince] was apprehended by the police, based upon a description provided by the victims. While being transported to Southwest Detectives, [Prince] told the officers that he was at 15th North Ithan St. with [Bowman] when the shooting occurred. [Prince] later admitted to the detectives that he had accompanied [Bowman] to that address and after [Bowman] went inside, he heard two gunshots coming from the house. After hearing the gunshots, [Prince] began walking away from the house and [Bowman] came running past him, fleeing the scene. Based on the statements of [Prince] and the other eyewitnesses, an arrest warrant was issued for [Bowman]. On August 9th, Officer Jara observed [Bowman] on the 5400 block of Market Street. When the officers attempted to approach [Bowman], he fled on foot. After a brief pursuit, [Bowman] was apprehended about a block away and taken into custody. Subsequently, [Rutledge, Bowen, and Saterdote] all identified [Bowman] as the shooter in both photo arrays and at the trial.

Trial Court Opinion, 8/8/14, at 2-3 (record citations omitted).

On November 8, 2013, following a four-day trial, a jury found Bowman guilty of PIC and aggravated assault. A nonjury proceeding immediately followed, during which the Commonwealth presented evidence that Bowman had a prior conviction of possession with intent to deliver. Therefore, the trial court found Bowman guilty of persons not to possess firearms, the prohibition against convicted felons carrying firearms. On January 14, 2014, the trial court imposed a mandatory minimum sentence of five to ten years of incarceration on the aggravated assault charge; a consecutive term of four to eight years of incarceration on the persons not to possess firearms charge; and a consecutive term of five years of probation on the PIC charge.

On January 27, 2014, Bowman filed a post-sentence motion to modify sentence, which the trial court denied on February 10, 2014. On February 12, 2014, Bowman filed a timely notice of appeal. On March 5, 2014, the trial court ordered Bowman to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On March 11, 2014, Bowman filed his timely Rule 1925(b) statement.

On appeal, Bowman raises the following issues for our review and determination:

> I. Was the evidence legally insufficient to convict Bowman beyond a reasonable doubt where all of the eyewitnesses had crimen falsi convictions, one of them was forced into court under threat of a bench warrant and then not

arrested for a bench warrant the Commonwealth knew about, the complainant "kind of blacked out" at the time of the crime, and one eyewitness was high on PCP at the time of the crime?

II. Did the trial court abuse its discretion by denying Bowman's motion for a new trial because the verdict was against the weight of the evidence?

III. Did the trial court abuse its discretion by sentencing Bowman to an aggregate term of [nine to eighteen] years where the complainant was shot once in the leg and had no lasting medical problems and Bowman's early life consisted of abuse and deprivation?

Bowman's Brief at 5.

For his first issue on appeal, Bowman raises a claim that the evidence was insufficient to support his convictions. Bowman's Brief at 13-15. Specifically, Bowman asserts that the eyewitness' accounts of the incident lacked credibility for the following reasons. *Id.* at 15. Each of the eyewitnesses had prior convictions for crimen falsi. *Id.* Additionally, the government threatened Bowen with a bench warrant to ensure her appearance at the preliminary hearing and then the government did not arrest her on another bench warrant that she had at the time of her trial testimony. *Id.* Furthermore, Rutledge testified that he blacked out at the time of the crime and Prince testified that he was high on PCP during the incident. *Id.*

These arguments challenge the weight of the evidence, not its sufficiency. *See Commonwealth v. Melvin*, 103 A.3d 1, 43 (Pa. Super. 2014) ("An argument regarding the credibility of a witness'[] testimony goes to the weight of the evidence, not the sufficiency of the evidence."); *Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) ("variances in testimony go to the credibility of the witnesses and not the sufficiency of the evidence") (citations omitted). The differences between a challenge to the weight and a challenge to the sufficiency of the evidence, as our Supreme Court explained them in *Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000), are as follows:

> The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, *Tibbs v. Florida*, 457 U.S. 31 (1982); *Commonwealth v. Vogel*, 461 A.2d 604 (Pa. 1983), whereas a claim challenging the weight of the evidence if granted would permit a second trial. *Id.*
>
> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. *Commonwealth v. Santana*, 333 A.2d 876 (Pa. 1975). When reviewing

> a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. ***Commonwealth v. Chambers***, 599 A.2d 630 (Pa. 1991).
>
> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. ***Commonwealth v. Whiteman***, 485 A.2d 459 (Pa. Super. 1984). Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. ***Tibbs***, 457 U.S. at 38 n.11.

***Widmer***, 744 A.2d at 751-52 (citations modified). "A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." ***Commonwealth v. Lewis***, 911 A.2d 558, 566 (Pa. Super. 2006) (quoting ***Commonwealth v. Hunzer***, 868 A.2d 498, 507 (Pa. Super. 2005)).

Our Supreme Court has held that an "appellant's challenge to the sufficiency of the evidence must fail[,]" where an appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument that appellant provides goes to the weight of the evidence. ***Commonwealth v. Small***, 741 A.2d 666, 672 (Pa. 1999); ***see also Commonwealth v. Gibbs***, 981 A.2d 274, 281-82 (Pa. Super. 2009) (finding that a sufficiency claim raising weight of the evidence arguments would be dismissed). Therefore, Bowman is not entitled to any relief on his challenge to the sufficiency of the evidence for his convictions.

For his second issue on appeal, Bowman properly argues that the verdict in this case was against the weight of the evidence.[2] When reviewing a weight of the evidence claim, we consider the following:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Widmer*, 744 A.2d at 751-52; [*Commonwealth v. Brown*, 648 A.2d 1177, 1189 (Pa. 1994)]. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. *Widmer*, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Id.* at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Brown*, 648 A.2d at 1189.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
> > Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the

---

[2] An appellant must preserve a challenge to the weight of the evidence before the trial court either at sentencing or in a post-sentence motion. Pa.R.Crim.P. 607(A); *Commonwealth v. Thompson*, 93 A.3d 478, 490 (Pa. Super. 2014). Here, Bowman properly preserved his challenge to the weight of the evidence through an oral post-sentence motion for a new trial during sentencing. *See* N.T., 1/14/14, at 4-7.

evidence. ***Brown***, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. ***Commonwealth v. Farquharson***, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Widmer***, 744 A.2d at 753 (emphasis added).

***Commonwealth v. Clay***, 64 A.3d 1049, 1054-55 (Pa. 2013) (citations modified). Thus, our task in evaluating a weight challenge is as follows:

To determine whether a trial court's decision constituted a palpable abuse of discretion, an appellate court must examine the record and assess the weight of the evidence; not however, as the trial judge, to determine whether the preponderance of the evidence opposes the verdict, but rather to determine whether the court below in so finding plainly exceeded the limits of judicial discretion and invaded the exclusive domain of the jury. Where the record adequately supports the trial court, the trial court has acted within the limits of its judicial discretion.

***Brown***, 648 A.2d at 1190 (citation omitted).

We conclude that the trial court did not abuse its discretion in finding that the verdict was not against the weight of the evidence. The jury heard

- 8 -

testimony about the crimen falsi convictions of all four of the eyewitnesses (Rutledge, Bowen, Prince, and Saterdote) on both direct and cross-examination. N.T., 11/6/13, at 65-66, 75-76, 106-07, 113; N.T., 11/7/13, at 12, 16. Additionally, the jury heard a substantial amount of testimony relating to Bowen's reluctance to testify during this case, that the trial court had to put out a bench warrant for her arrest in order to get her into court, and that she had another bench warrant pending for arrest in another county at the time of trial. N.T., 11/6/13, at 101-02, 106-09. The jury also heard Rutledge's testimony that he blacked out during the incident and Prince's testimony that he was on PCP during the incident. *Id.* at 55-56, 138-39.

Ultimately, the jury determined that, despite these potential problems, each of the four witnesses was credible. "It is well established that this Court is precluded from reweighing the evidence and substituting our credibility determination for that of the fact-finder." ***Commonwealth v. Thompson***, 106 A.3d 742, 758 (Pa. Super. 2014). "The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." ***Commonwealth v. Gonzalez***, 109 A.3d 711, 723 (Pa. Super. 2015). As the fact-finder, the jury had the responsibility of determining whether these factors affected their credibility as witnesses. By convicting Bowman, the jury demonstrated that it believed all or some of each of their

testimony. Moreover, our review of the record reveals that each of the four eyewitnesses' testimony of the events that transpired during the shooting is not only consistent with each other, but is consistent with the facts of the case as set forth by the trial court, which we cited herein. N.T., 11/6/13, at 50-57, 84-89, 93-96, 122-28; N.T., 11/7/13, at 5-10; *supra*, pp. 1-2. Therefore, based on our review of the record, Bowman's verdict did not shock the conscious and the trial court did not abuse its discretion in finding that the verdict was not against the weight of the evidence.

For his final issue on appeal, Bowman challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether,

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), *appeal denied,* 86 A.3d 231 (Pa. 2014). "A defendant presents a

substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Here, Bowman preserved his discretionary aspects of sentencing claim by raising it in a post-sentence motion. ***See*** Motion to Modify Sentence, 1/27/14, at 1-2. Bowman also filed a timely notice of appeal. Bowman did not, however, set forth a concise statement of the reasons relied upon for the allowance of his appeal pursuant to Rule 2119(f) of the Pennsylvania Rules of Appellate Procedure in his appellate brief. Despite Bowman's failure to comply with Rule 2119(f), the Commonwealth has not objected to the statement's absence. Therefore, we will not find waiver. ***See Commonwealth v. Antidormi***, 84 A.3d 736, 759 (Pa. Super. 2014) (declining to find waiver of discretionary aspects of sentencing claim due to lack of Rule 2119(f) statement where Commonwealth did not object), *appeal denied*, 95 A.3d 275 (Pa. 2014). Thus, we must determine whether Bowman's discretionary aspects of sentencing claim raises a substantial question for our review.

First, Bowman argues that his sentence was manifestly excessive because he only shot someone in the leg once and received a nine to eighteen year sentence. Bowman's Brief at 18. Generally, bald allegations

of excessiveness do not raise a substantial question for our review, unless the appellant "sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Trippett*, 932 A.2d 188, 202 (Pa. Super. 2007). Here, Bowman does not set forth the specific provision of the Sentencing Code or the fundamental norm underlying the sentencing process that the trial court violated in imposing the sentence. Therefore, this argument does not raise a substantial question

Second, Bowman asserts that the trial court failed to take into consideration certain mitigating factors when sentencing him, namely separating him from his children for an extended time and his difficult upbringing. Bowman's Brief at 18-19. "A claim that a sentencing court failed to consider certain mitigating factors does not raise a substantial question." *Commonwealth v. Lewis*, 911 A.2d 558, 567 (Pa. Super. 2006) (citations omitted). Because Bowman has not raised a substantial question, his discretionary aspects of sentence claim must fail.[3]

---

[3] Bowman also attempts to argue that the trial court failed to consider his rehabilitative needs in sentencing him. Bowman's Brief at 18. However, Bowman has waived this argument on appeal. Although Bowman properly filed a post-sentence motion challenging the discretionary aspects of his sentence, he did not include in his post-sentence motion an argument that the trial court failed to consider his rehabilitative needs in sentencing him. *See* Motion to Modify Sentence, 1/27/14, at 1-2. Therefore, Bowman has waived this argument. *Commonwealth v. Tejada*, 107 A.3d 788, 799 (Pa.

Although Bowman raised no further issues for our review on appeal, we nonetheless conclude that we must remand the case for resentencing, as Bowman's sentence is illegal. *See Commonwealth v. Watley*, 81 A.3d 108, 118 (2013) (en banc) ("Legality of sentence questions are not waivable and may be raised sua sponte by this Court."), *appeal denied*, 95 A.3d 277 (Pa. 2014). The record reflects that the trial court sentenced Bowman to an aggregate term of nine to eighteen years of incarceration – five to ten years for aggravated assault and a consecutive term of four to eight years for persons not to possess firearms.[4] N.T., 1/14/14, at 23. It was uncontested at sentencing that Bowman was subject to the mandatory minimum sentences pursuant to section 9712 of the Sentencing Code.[5] *See id.* at 12-13.

---

Super. 2015) (arguments in support of discretionary aspects of sentencing claim not raised in a post-sentence motion are not subject to our review); *see also Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008) ("for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court").

[4] The trial court found Bowman guilty of persons not possess firearms during a nonjury proceeding. This Court recently noted that under the Due Process Clause, a defendant that elects a nonjury trial is "entitled to have the extra element of the aggravated offense found by the factfinder beyond a reasonable doubt pursuant to *Alleyne*." *Commonwealth v. Fennell*, 105 A.3d 13, 17 (Pa. Super. 2014); *Commonwealth v. Cardwell*, 105 A.3d 748, 751 (Pa. Super. 2014).

[5] This section provides, in relevant part:

> **(a) Mandatory sentence.--**Except as provided under section 9716 (relating to two or more

mandatory minimum sentences applicable), any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary. Such persons shall not be eligible for parole, probation, work release or furlough.

**(b) Proof at sentencing.**--Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

**(c) Authority of court in sentencing.**--There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

42 Pa.C.S.A. § 9712(a)-(c).

Following the trial court's decision to sentence Bowman pursuant to the mandatory minimum of section 9712 and the filing of Bowman's notice of appeal, this Court in *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014), found section 9712 unconstitutional based upon the United States Supreme Court's decision in *Alleyne v. U.S.*, __ U.S. __, 133 S. Ct. 2151 (2013), which held: "[F]acts that increase mandatory minimum sentences must be submitted to the jury." *Id.* at 2163. In *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (en banc), this Court en banc found that *Alleyne* applies retroactively to cases that were pending on direct appeal when the decision was handed down. *Id.* at 90. On this basis, we therefore vacate the judgment of sentence and remand for resentencing without consideration of the mandatory minimum sentencing provisions of section 9712.

Judgment of sentence affirmed in part and vacated in part. Case remanded for resentencing in accordance with this Memorandum. Jurisdiction relinquished.

Shogan, J. joins the Memorandum.

Strassburger, J. files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2015