J-S16027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUAN JOSE PEREZ | : | |
| | : | No. 1667 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence October 5, 2017
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000886-2017

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 29, 2018**

Juan Jose Perez (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of kidnapping (to inflict bodily injury on or to terrorize the victim or another), unlawful restraint, false imprisonment, simple assault, persons not to possess firearms, and firearms not be carried without a license.[1]  We affirm.

The pertinent facts and procedural history of this case are as follows. On December 19, 2016, at around 7:30 a.m., William Murphy (Victim) was driving along Gilbert Street in Shenandoah, Pennsylvania, when he encountered Appellant, Ramon Delvalle (Delvalle) and Alnaldo Perez-

_____

* Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S.A. §§ 2901(a)(3), 2902(a)(1), 2903(a), 2701(a), 6105(a), and 6106(a).

Rodriguez (Perez-Rodriguez), who were on foot. Victim had previously met Appellant on one or two occasions because Appellant worked in the barbershop owned by Victim's uncle. During these prior interactions, Victim and Appellant engaged in casual conversation and Appellant had offered to cut Victim's hair if he ever needed a haircut. Victim was unfamiliar with Delvalle and Perez-Rodriguez.

Upon encountering Appellant, Delvalle, and Perez-Rodriguez, Appellant asked Victim if he needed a haircut, to which Victim responded, "I'll let you know." N.T., 8/24/17, at 30. Appellant then told Victim that the three men needed a ride. Although Victim never agreed to give them a ride, the three men entered Victim's vehicle and Appellant forced him at gunpoint to drive them to Victim's home. Appellant, along with Delvalle and Perez-Rodriguez, forced Victim into his home at gunpoint and held him there for approximately nine hours. Victim's fiancé and children were not home when Victim and the three men arrived.

Appellant, Delvalle, and Perez-Rodriguez proceeded to hold Victim captive in a closet. Although the record is not entirely clear, it was Victim's understanding that Appellant, Delvalle, and Perez-Rodriguez were using Victim to hide out in his house while the local police conducted drug raids throughout Shenandoah. Throughout the day, Victim observed Appellant looking out the window to check for the presence of police. At one point while

they were at Victim's house, Appellant made Victim strip naked because he believed Appellant was wearing a wire and working undercover for the police.

When Victim's fiancé arrived home from work, Appellant, Delvalle, and Perez-Rodriguez made Victim drive them to Reading, Pennsylvania. Victim's fiancé was unware that the three men were forcing Victim to do so at gunpoint. While driving to Reading, Appellant, Delvalle, and Perez-Rodriguez taunted Victim about shooting and killing him with the gun. When they arrived in Reading, Victim and Appellant noticed that a woman in a purple car was following Victim's vehicle. At this time, Appellant, Delvalle, and Perez-Rodriguez fled Victim's car. Victim immediately sped away, returned to his home in Shenandoah, and contacted the police. Victim testified that throughout the entire ordeal, he felt certain that he was going to die.

On March 11, 2017, Appellant was arrested and charged with kidnapping to facilitate the commission of a felony or flight thereafter, criminal conspiracy to commit kidnapping, corruption of minors, kidnapping to inflict bodily injury on or to terrorize the victim or another, unlawful restrain, false imprisonment, simple assault, persons not to possess firearms, and firearms not be carried without a license. On August 24, 2017, following a jury trial, the Commonwealth withdrew the charge for kidnapping to facilitate commission of a felony or flight thereafter. The jury found Appellant not guilty of criminal conspiracy to commit kidnapping and corruption of minors, but guilty of all remaining charges.

On October 5, 2017, the trial court sentenced Appellant to an aggregate term of 12½ to 25 years of incarceration. On October 24, 2017, Appellant timely appealed to this Court. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Appellant presents the following issues for review:

1.    Whether the [t]rial [c]ourt committed reversible error when it permitted the case to go to the jury, when the Commonwealth failed to produce[] sufficient evidence on the charges of kidnapping, persons not to possess firearms and firearms not to be carried without a license.

2.    Whether the [t]rial [c]ourt committed reversible error when during the trial testimony of [O]fficer David Stamets, the [t]rial [c]ourt failed to provide a corrective instruction to the jury when [O]fficer Stamets stated that [] Appellant was known to everybody as "Montana," his nickname, which was unduly prejudicial to [] Appellant.

Appellant's Brief at 5.

First, Appellant argues that the evidence was insufficient to sustain his convictions. Specifically, Appellant asserts that Victim's testimony was too inconsistent and unreliable to justify a conviction on any of the charges. For example, Appellant points out that when Victim testified at his preliminary hearing, he stated that his kids and fiancé were home throughout the ordeal, whereas at Appellant's trial, Victim testified that they were not home. Appellant also contends that Victim's testimony at trial was peculiar in that his fiancé observed Victim leaving their home with three strange men when she returned home from work, but did not call the police.

- 4 -

These arguments challenge the weight of the evidence, not its sufficiency. *See Commonwealth v. Melvin*, 103 A.3d 1, 43 (Pa. Super. 2014) ("An argument regarding the credibility of a witness'[] testimony goes to the weight of the evidence, not the sufficiency of the evidence."); *Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) ("variances in testimony go to the credibility of the witnesses and not the sufficiency of the evidence") (citations omitted). The differences between a challenge to the weight and a challenge to the sufficiency of the evidence, as our Supreme Court explained them in *Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000), are as follows:

> The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, *Tibbs v. Florida*, 457 U.S. 31 (1982); *Commonwealth v. Vogel*, 461 A.2d 604 (Pa. 1983), whereas a claim challenging the weight of the evidence if granted would permit a second trial. *Id.*
>
> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. *Commonwealth v. Santana*, 333 A.2d 876 (Pa. 1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Chambers*, 599 A.2d 630 (Pa. 1991).

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. *Commonwealth v. Whiteman*, 485 A.2d 459 (Pa. Super. 1984). Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. *Tibbs*, 457 U.S. at 38 n.11.

*Widmer*, 744 A.2d at 751-52 (citations modified). "A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Lewis*, 911 A.2d 558, 566 (Pa. Super. 2006) (quoting *Commonwealth v. Hunzer*, 868 A.2d 498, 507 (Pa. Super. 2005)).

Our Supreme Court has held that an "appellant's challenge to the sufficiency of the evidence must fail[,]" where an appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument that appellant provides goes to the weight of the evidence. *Commonwealth v. Small*, 741 A.2d 666, 672 (Pa. 1999); *see also Commonwealth v. Gibbs*, 981 A.2d 274, 281-82 (Pa. Super. 2009) (finding that a sufficiency claim raising weight of the evidence arguments would be dismissed). Therefore, Appellant is not entitled to any relief on his challenge to the sufficiency of the evidence of his convictions.

Moreover, an appellant must preserve a challenge to the weight of the evidence before the trial court either at sentencing or in a post-sentence motion. Pa.R.Crim.P. 607(A); *Commonwealth v. Thompson*, 93 A.3d 478, 490 (Pa. Super. 2014). Here, Appellant failed to properly preserve a challenge to the weight of the evidence through an oral or written post-sentence motion.

Thus, even had Appellant properly raised and argued a challenge to the weight of the evidence, he still would not be entitled to relief.

Second, Appellant argues that he was "unduly prejudiced" by the testimony of Officer David Stamets of the Shenandoah Police Department ("Officer Stamets"), who interviewed Victim after he reported his kidnapping to the police. Specifically, Appellant takes issue with Officer Stamets referring to him as "Montana," his nickname. Appellant maintains that the trial court should have offered a curative instruction after it sustained his objection to the officer's use of his nickname.

We conclude that Appellant has failed to preserve this issue for appellate review. At trial, the trial court sustained defense counsel's objection to Officer Stamets referring to Appellant as "Montana." N.T., 8/24/17, at 105-06. Defense counsel, however, failed to request a mistrial or curative instruction. *Id.* Because Appellant did not specifically request a mistrial or a curative instruction, his argument is waived on appeal. *Commonwealth v. Sandusky*, 77 A.3d 663, 670 (Pa. Super. 2013) (noting that "[e]ven where a defendant objects to specific conduct, the failure to request a remedy such as a mistrial or curative instruction is sufficient to constitute waiver"); *see also Commonwealth v. Brown*, 134 A.3d 1097, 1107 (Pa. Super. 2016), *appeal denied*, 145 A.3d 161 (Pa. 2016) (same).

Moreover, even had Appellant properly preserved this issue, it is entirely unclear, either from the certified record or his appellate brief, in what manner

he contends that he was prejudiced by Officer Staments referring to him as "Montana."  Appellant's brief provides no explanation relating to his assertion of prejudice.  Accordingly, Appellant is not entitled to relief on his second issue.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/29/2018