J-S63024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TYMEIR MICHAEL M. HENDERSON :
:
Appellant : No. 2936 EDA 2018

Appeal from the Judgment of Sentence Entered September 7, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005178-2017

BEFORE: GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.: **FILED DECEMBER 19, 2019**

Tymeir Michael M. Henderson (Appellant) appeals from the judgment of

sentence imposed after a jury convicted him of robbery, conspiracy, burglary,

criminal trespass, and possession of an instrument of crime.[1, 2] We affirm.

The trial court summarized the facts of this case as follows:

On the evening of April 15, 2017, [the victim] returned home from
a trip to the grocery store. As [the victim] walked up his front
steps, [Appellant] approached him. [The victim] knew [Appellant]
from the neighborhood and the two had interacted on previous
occasions. [Appellant] walked to [the victim's] front door and
engaged him in conversation. He asked [the victim] if he had

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903(c), 3502(a)(1)(i), 3503(a)(1)(ii), and
907(a).

[2] While the trial court's opinion states that Appellant was also convicted of
conspiracy to commit burglary, **see** Trial Court Opinion, 5/1/19, at 1, 3,
neither the verdict sheet nor sentencing order corroborates that statement.

marijuana or money he could borrow. When [the victim] said no, two unidentified men ran up the front steps toward him. One carried a machete and the other had a gun. As the two men ran up [the victim's] front steps, [Appellant] simultaneously pulled a gun from his jacket area and told him to "[g]et the fuck in the house." The men pushed [the victim] inside and demanded money. When [the victim] stated he did not have any money, one of the men hit him in the head with a gun. [The victim] still protested that he did not have any money, and [Appellant] took [the victim's] watch from his wrist. One of the unidentified men held [the victim] at gunpoint and forced him upstairs to look for money. While upstairs, the man took [the victim's] wallet and phone. [The victim] said, "[w]hy don't you just leave? You got the money." He told the man that his nephew was in the basement. The man yelled downstairs to [Appellant] that someone else was in the house, and [Appellant] told the two men that they needed to leave. The three men ran out of the house and [the victim] followed them. He asked them to drop his wallet, but they continued running. The men ran down the block, got into an older model black car, and drove away. [The victim] ran back into the house and dialed 9-1-1 and the police arrived shortly thereafter. [The victim] gave a statement in which he identified [Appellant] as one of the three men who robbed him.[FN] 3

> [FN] 3 [The victim] gave two separate statements where he identified [Appellant] as one of the three men who robbed him. In his statement he identified [Appellant] by his nicknames, "Dreads" and "Ty" because he did not know [Appellant's] full name. He also identified [Appellant] via photograph.

Trial Court Opinion, 5/1/19, at 1-2 (citations and some footnotes omitted).

At Appellant's jury trial on June 26, 2018, the Commonwealth presented the testimony of the victim, as well as seven Philadelphia police officers and detectives. Appellant did not testify in his defense or present any evidence. The jury found Appellant guilty of the aforementioned offenses.

At a sentencing hearing on September 7, 2018, the trial court imposed an aggregate sentence of 3 to 6 years of imprisonment. Following the oral

advisement of Appellant's post-sentence and appeal rights, Appellant's counsel orally requested to withdraw from representation. N.T., 9/7/18, at 31-32. However, the trial court did not rule on this request, and trial counsel remained counsel of record.

Appellant did not file a post-sentence motion, but filed a timely *pro se* notice of appeal on October 5, 2018. On October 15, 2018, the trial court issued a Pa.R.A.P. 1925(b) order directing Appellant to file a concise statement within 21 days. On November 26, 2018, the trial court issued an order granting trial counsel's oral motion to withdraw and appointing Matthew Sullivan, Esquire (Counsel) to represent Appellant. On January 15, 2019, Counsel filed a motion for additional time to file a Rule 1925(b) concise statement, which the court granted. Counsel filed a concise statement on February 27, 2019, challenging the sufficiency and weight of the evidence.[3]

On appeal, Appellant raises two issues:

I. Whether the evidence was sufficient to sustain the verdict?

---

[3] We recognize that Appellant filed his *pro se* notice of appeal while still represented by counsel. It is well-settled that an appellant does not have a right to proceed both *pro se* and with the benefit of counsel. Such representation is considered "hybrid" representation and is prohibited within the Commonwealth. **See Commonwealth v. Staton**, 184 A.3d 949, 958 (Pa. 2018) (no defendant has a constitutional right to self-representation together with counseled representation "either at trial or on appeal"); **see also Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011) (citing Pennsylvania's long-standing policy that precludes hybrid representation). However, the prohibition against hybrid representation does not nullify *pro se* notices of appeal, because "a notice of appeal protects a constitutional right." **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016).

II. Whether the verdict was against the weight of the evidence?

Appellant's Brief at 8.

For his first issue, Appellant raises a claim that the evidence was insufficient to support his convictions. Appellant's Brief at 14-16. Specifically, Appellant asserts that the victim's account of the incident lacked credibility. Appellant alleges that the victim "offered inconsistent details, most of which were not corroborated, about the alleged robbery[,]" and "the police paperwork associated with the case against [Appellant] directly contradicted the [victim's] testimony." *Id.* at 15-16. Appellant maintains that the victim's testimony "is so inherently unreliable that a verdict based upon it could amount to no more than surmise and conjecture[,]" *id.* at 16, and thus the evidence was insufficient to sustain the verdict.

Appellant's contentions challenge the weight of the evidence, not its sufficiency. *See Commonwealth v. Melvin*, 103 A.3d 1, 43 (Pa. Super. 2014) ("An argument regarding credibility of a witness'[ ] testimony goes to the weight of the evidence, not the sufficiency of the evidence."); *Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) ("variances in testimony go to the credibility of the witnesses and not the sufficiency of the evidence") (citations omitted). The differences between a challenge to the weight and a challenge to the sufficiency of the evidence, as our Supreme Court explained them in *Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000), are as follows:

The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, **Tibbs v. Florida**, 457 U.S. 31 (1982); **Commonwealth v. Vogel**, 461 A.2d 604 (Pa. 1983), whereas a claim challenging the weight of the evidence if granted would permit a second trial. **Id.**

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. **Commonwealth v. Karkaria**, 625 A.2d 1167 (Pa. 1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. **Commonwealth v. Santana**, 333 A.2d 876 (Pa. 1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. **Commonwealth v. Chambers**, 599 A.2d 630 (Pa. 1991).

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. **Commonwealth v. Whiteman**, 485 A.2d 459 (Pa. Super. 1984). Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. **Tibbs**, 457 U.S. at 38 n. 11.

**Widmer**, 744 A.2d at 751-52 (citations modified). "A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." **Commonwealth v. Lewis**, 911 A.2d 558, 566 (Pa. Super. 2006) (quoting **Commonwealth v. Hunzer**, 868 A.2d 498, 507 (Pa. Super. 2005)).

Our Supreme Court has held that an "appellant's challenge to the sufficiency of the evidence must fail[,]" where an appellant phrases an issue

- 5 -

as a challenge to the sufficiency of the evidence, but the argument that appellant provides goes to the weight of the evidence. ***Commonwealth v. Small***, 741 A.2d 666, 672 (Pa. 1999); ***see also Commonwealth v. Gibbs***, 981 A.2d 274, 281-82 (Pa. Super. 2009) (finding that a sufficiency claim raising weight of the evidence arguments would be dismissed). Given this clear authority, Appellant is not entitled to relief on his challenge to the sufficiency of the evidence.[4]

For his second issue, Appellant properly challenges the weight of the evidence. When reviewing a weight claim, we consider the following:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. ***Widmer***, 744 A.2d at 751–52; [***Commonwealth v. Brown***, 648 A.2d 1177, 1189 (Pa.1994)]. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. ***Widmer***, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" ***Id.*** at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." ***Brown***, 648 A.2d at 1189. An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

---

[4] The Commonwealth argues that Appellant's sufficiency challenge is waived for lack of specificity in the court-ordered Rule 1925(b) statement. ***See*** Commonwealth Brief at 7 n.2. However, the trial court addressed the merits of Appellant's claim, and our review of Appellant's 1925(b) statement reveals the specific elements Appellant alleges the evidence was insufficient to support.

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. ***Brown***, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. ***Commonwealth v. Farquharson***, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Widmer***, 744 A.2d at 753 (emphasis added).

***Commonwealth v. Clay***, 64 A.3d 1049, 1054–55 (Pa. 2013) (citations modified).

Instantly, Appellant's challenge to the weight of the evidence fails because he failed to preserve it before the trial court either orally at sentencing or in a post-sentence motion as mandated by Pa.R.Crim.P. 607(A). Accordingly, his claim is waived. ***Commonwealth v. Thompson***, 93 A.3d 478, 490 (Pa. Super. 2014) (failure to properly preserve a weight claim will result in waiver, even if the trial court addresses the issue in its opinion).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/19/19</u>